IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30822
Summary Calendar

_____

BILLY SINCLAIR,

Plaintiff-Appellant,

versus

RONALD BONVILLIAN; JAMES PATIN;
HENRY GOINES; C. MARTIN LENSING, Warden,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Louisiana
(95-CV-1966)

_____

January 16, 1997

Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

PER CURIAM:

Plaintiff-appellant Billy Sinclair (Sinclair), a Louisiana prisoner, filed this suit under 42 U.S.C. § 1983 against various state officials seeking, *inter alia*, declaratory relief and money damages. When the complaint was filed, Sinclair paid the full

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

filing fee. Nothing whatever transpired in the suit thereafter until Sinclair filed his "Notice of Voluntary Dismissal," seeking dismissal under Fed. R. Civ. P. 41(a), noting that none of the adverse parties had been served. The notice also states that "essentially the same issues raised in the matter are being litigated in state court." The notice does not state or imply that the dismissal is not without prejudice. Four days later, the district court endorsed an order on this notice stating "motion to dismiss with prejudice is granted, reserving to plaintiff and defendants any rights either may have in state court." The district court subsequently refused to change this disposition, stating "[t]his Court will not allow a dismissal without prejudice only to have the suit refiled in the future." Sinclair appeals, contending that he had an absolute right to dismissal without prejudice. We agree, and accordingly reverse.

At no time has any party adverse to Sinclair ever served an answer or a motion for summary judgment in this case. Indeed, Sinclair is the only party who has in any way either appeared or filed any paper, motion, or pleading whatsoever in the case, and no process has even been issued for any party. There is nothing to suggest that Sinclair had ever previously dismissed any other suit involving any claim included in this suit. This suit is not any kind of a class action and does not involve a receiver (as referenced in Fed. R. Civ. P. 23(e) and Fed. R. Civ. P. 66), and accordingly, under these circumstances, Sinclair had an absolute

2

right to termination of the action without prejudice under the provisions of Fed. R. Civ. P. 41(a)(1).  "The Court had no power or discretion to deny" Sinclair's "right to dismiss or to attach any condition or burden to that right."  *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976).  "We have consistently held that rule 41(a)(1) means what it says."  *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977).  The district court's concern that the suit might be refiled does not allow it to disregard the mandatory provisions of Rule 41(a)(1).  Moreover, the Rule to some extent addresses these concerns by the provision of its last sentence that "the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

Accordingly, the dismissal with prejudice is reversed, and judgment is here rendered that the cause is dismissed without prejudice (subject to the hereinabove quoted exception contained in the last sentence of Rule 41(a)(1)).


REVERSED and RENDERED


3